J-S42027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                :               PENNSYLVANIA
                :
        v.               :
                :
                :
JEROME J. HERNANDEZ,       :
                :
        Appellant       :     No. 1285 EDA 2018

Appeal from the Judgment of Sentence, February 15, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0010673-2016.

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED OCTOBER 15, 2019**

Jerome J. Hernandez appeals from the judgment of sentence imposed

following a jury trial on the charge of possession of firearm prohibited.[1] After

careful review, we affirm.

The trial court aptly summarized the pertinent facts of this case as

follows:

> On November 2, 2016, around 1:20 AM, Police Officer Todd
> Walker received information through police radio that there was a
> person with a gun at 208 West Olney Avenue, a row home
> residence. Upon arriving on site Sergeant Thomas Brown met up
> with Officer Walker and they spoke with Octavia Brown, the
> Complainant. The Complainant explained that she had been
> involved in a verbal dispute with [Hernandez] over a bullet
> dropping out of his pocket in front of her granddaughter.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a).

Prior to the date of the verbal dispute with [Hernandez], the Complainant had found a silver gun in the ceiling. The Complainant asked her daughter why there was a gun in the house, since the Complainant does not believe in guns and does not allow guns in her home. The Complainant's daughter told the Complainant that the gun belonged to [Hernandez]. The Complainant became upset and hid the gun so her 5 year old granddaughter, Brianna, would not be able to grab it.

On November 2, 2016, the Complainant realized that [Hernandez] had another gun, in addition to the silver gun she had hidden, when a bullet dropped from [Hernandez's] pocket and Brianna picked it up to return it to [Hernandez]. The Complainant noticed a black object, which she believed to be a gun, in [Hernandez's] hooded sweatshirt ("hoodie") when he returned the fallen bullet to his hoodie pocket. Later that evening, after [Hernandez] had been drinking beer, the Complainant told [Hernandez] he needed to get the gun out of the house. [Hernandez] responded that he wasn't going anywhere. The Complainant waited until [Hernandez] passed out from alcohol intoxication before she called the police.

Upon their arrival at her home, the Complainant informed Officer Walker and Sergeant Brown that [Hernandez] was drunk and in the basement of the residence. Officer Walker proceeded to the basement and saw a well-lit room towards the front of the basement. He entered the room and saw [Hernandez] laying on the bed asleep. He also noticed a black handgun, a 357 Magnum revolver, around 2 inches away from [Hernandez's] waist, on [Hernandez's] left side. After noticing the gun, Officer Walker proceeded to take the gun and remove the bullets from it with his bare hands. He secured the gun without gloves because he wanted to make it safe immediately since he did not know whether [Hernandez] was dangerous. The use of his bare hands contaminated the gun, making it unable to be tested for prints or DNA evidence.

While Officer Walker secured the handgun, Sergeant Brown woke [Hernandez] and proceeded to question him. Upon waking, [Hernandez] appeared to be in an intoxicated stupor. Once [Hernandez] was detained by Officer Walker, Sergeant Brown did a record check of [Hernandez] and discovered that [Hernandez] was ineligible to possess a firearm at the time of the incident.

Trial Court Opinion at 1-3 (citations omitted).

Following Hernandez's conviction, the trial court sentenced Hernandez to five to ten years of imprisonment. Hernandez filed a post-sentence motion which the trial court denied. Hernandez timely appealed. Both Hernandez and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925(a).

On appeal, Hernandez raises the following issues:

1) Was not the evidence insufficient as a matter of law to sustain appellant's firearm conviction because the Commonwealth did not prove beyond a reasonable doubt appellant's actual or constructive possession of the gun found, as it was equally likely that it belonged to anyone else who inhabited the residence the firearm was found in?

2) Was not the verdict so contrary to the weight of the evidence as to shock one's sense of justice where a new trial should be awarded?

Hernandez' Brief at 4.

In his first issue, Hernandez claims that the evidence was insufficient to support his conviction for possession of firearm prohibited. When reviewing a sufficiency claim, we must consider "whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Cash*, 137 A.3d 1262, 1269 (Pa. 2016) (citation omitted). "The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to

believe all, part, or none of the evidence." ***Commonwealth v. Newton***, 994 A.2d 1127, 1131 (Pa. Super. 2010), *appeal denied,* 8 A.3d 898 (Pa. 2010) (citations omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the [Hernandez]." ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

To convict Hernandez on a charge of possession of firearm prohibited, the Commonwealth was required to show that he: 1) was previously convicted of an enumerated offense; and 2) possessed a firearm. ***See*** 18 Pa.C.S.A. § 6105. To establish the element of possession, this Court has held that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid

- 4 -

application, we have held that constructive possession **may be established by the totality of the circumstances**.

***Hopkins***, 67 A.3d at 820 (citations omitted) (emphasis added).

As noted by the trial court, Hernandez does not dispute the first factor; the parties stipulated that Hernandez was previously convicted of a crime prohibiting him from carrying a firearm. However, he only claims that the evidence was insufficient to establish that he had actual or constructive possession of the firearm in question. Specifically, Hernandez argues that the gun was not found on him or that he was ever seen touching the gun. He further argues that other individuals lived in the house where the gun was found; thus, it was equally likely that the gun belonged to someone else who lived there. This is particularly so given that the room where he was sleeping when the gun was found was shared with another man. Hernandez also claims that Complainant planted the gun near him so she could get him out of the house. Hernandez's Brief at 12. Thus, his conviction should be reversed. We disagree.

Contrary to Hernandez's argument, the evidence demonstrated that Hernandez had constructive possession of the gun. The trial court succinctly summarized the evidence in support of this conclusion:

> In the instant matter, the Complainant testified that on the date of the offense, she saw a black object which she believed to be a gun, in the pocket of the hoodie [Hernandez] was wearing. She was able to see this object after a bullet dropped from his pocket and he was placing the bullet back in his pocket. The Complainant was so certain that the object she saw was a gun that she demanded that [Hernandez] get the gun out of her home. The gun

in [Hernandez's] pocket is direct evidence of his dominion and control over it.

Next, Officer Walker discovered a black loaded handgun, 2 inches away from the sleeping [Hernandez's] waist. There was no evidence that another person was in the room or anywhere near the gun. Based on these pieces of evidence, the Commonwealth has proven beyond a reasonable doubt that [Hernandez] had knowledge of the firearm within his reach and he had previously exercised control over the firearm. These facts, direct and circumstantial, are more than sufficient evidence to support the VUFA conviction beyond a reasonable doubt, i.e., [Hernandez] had knowledge, dominion, and control of the firearm that was found 2 inches away from his waist and he had previously exercised control over the firearm.

Trial Court Opinion, 10/22/18, at 5. Thus, based upon our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to sustain Hernandez's conviction for possession of firearm prohibited. Therefore, no relief is warranted.

In his second issue, Hernandez claims that the verdict was against the weight of the evidence. Specifically, he argues that Complainant's testimony presented varying renditions of what transpired and was replete with inconsistencies. Complainant testified that nobody in her house drinks, but later said that her husband drank with Hernandez. Complainant also testified that, in her house, they did not believe in guns, never did, yet she had a gun conviction in 1989. According to Hernandez, these inconsistencies and Complainant's personal animus toward him were sufficient to raise reasonable doubt as to whether Hernandez had constructive possession of the gun.

Hernandez's Brief at 21. Thus, Hernandez claims his conviction was against the weight of the evidence. We disagree.

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. **Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.**
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. **Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.**

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). Absent an abuse of discretion, the trial court's decision will not be disturbed. *See Commonwealth v. Griffin*, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." *Commonwealth v. West*,

937 A.2d 516, 521 (Pa. Super. 2007) (citation omitted). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record."
*Id.*

> In denying Hernandez's motion, the trial court explained as follows:
>
> Here, the jury found the testimony to be credible. There were multiple witnesses called to testify in this case. The Complainant spoke to police and gave a statement on November 2, 2016. At this time, she informed the police that the [Hernandez] occasionally stayed at her home and that she had found a silver firearm that belonged to him prior to the current incident. The Complainant explained that she knew the black firearm, the one retrieved by Officer Walker from beside the sleeping [Hernandez], belonged to the [Hernandez] because she had seen a bullet fall out of the [Hernandez's] hoodie and had noticed a black object inside of the [Hernandez's] hoodie pocket when he went to return the fallen bullet to his pocket.
>
> Officer Walker testified that he found a black firearm 2 inches away from the sleeping [Hernandez's] hip. The jury's credibility determinations based on the evidence presented and the demeanor of the witnesses at trial should stand, particularly when there is corroboration of the identification of the owner of the firearm based on both the Complainant's and Officer Walker's testimony. In light of the overwhelming evidence discussed above, the verdict is not so contrary to the evidence as to shock the conscience.

Trial Court Opinion, 10/22/18, at 6-7.

It is axiomatic that the weight of the evidence is exclusively for the finder of fact who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995). Consequently, a trial court's power to upset a jury verdict on a weight claim is narrowly circumscribed. A new trial is warranted on a weight claim only "in truly extraordinary circumstances." Moreover, mere

conflict is not enough to grant a motion for a new trial. **Commonwealth v. Landis**, 89 A.3d 694 (Pa. Super. 2014).

As is evident from the trial court's explanation, it recognized these important principles when it denied Hernandez's weight claim. The trial based its conclusion that the verdict was not so contrary to the evidence so as to shock the conscience upon its observance of the witnesses at trial and a sound review of the substantial evidence against Hernandez. In view of the trial court's rationale for denying Hernandez's motion, we conclude that the trial court did not abuse its discretion. No relief is warranted on this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/19